UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G3 ENTERPRISES, INC., | Case No. 1:22-cv-01551-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED WITHOUT PREJUDICE |
| v. | |
| FORTRESS NUTRITION, LLC, | (ECF No. 11) |
| Defendant. | ORDER TO ASSIGN DISTRICT JUDGE |
| | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

This matter is before the Court on the motion for default judgment filed by Plaintiff G3 Enterprises, Inc. (ECF No. 11). Because the motion fails to provide sufficient information to determine whether to enter a default judgment, the Court will recommend that the motion be denied without prejudice.[1]

**I.     BACKGROUND**

Plaintiff filed this action against Defendant Fortress Nutrition, LLC on November 30, 2022, alleging subject matter jurisdiction based on the parties' diversity of citizenship. (ECF No. 1). The complaint asserts that Defendant breached a repayment agreement and brings three causes

---

[1] The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(19). A motion for default judgment is considered a dispositive matter that requires the issuance of findings and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at *2 (N.D. Cal. July 15, 2015).

1

of action: (1) breach of contract; (2) open book account; and (3) account stated.

After Defendant failed to appear and respond to the complaint, Plaintiff obtained a clerk's entry of default. (ECF No. 9). On February 22, 2023, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(b)(2), seeking a total of $173,561.18. (ECF No. 11). In support of the motion, Plaintiff has provided the declarations of its counsel and its Vice President of Accounting, Tax & Treasury. (ECF Nos. 13, 14). On February 24, 2023, the Court vacated the hearing set by Plaintiff for February 28, 2023, as improperly noticed and advised Plaintiff that it would set a hearing if it concluded that one was warranted. (ECF No. 16).

## II.     LEGAL STANDARDS

When a party applies to the Court for a default judgment under Rule 55(b)(2), the Court may hold a hearing to conduct an accounting, determine damages, establish the truth of allegations by evidence, or investigate any other matter. However, rather than holding a hearing, the Court may rely on evidence submitted in support of the motion. *See Millner v. Woods*, No. 1:16-CV-01209-SAB-PC, 2017 WL 6016681, at *3 (E.D. Cal. Dec. 5, 2017) ("The court has discretion to determine whether evidence to support a claim for damages [in a motion for default judgment] should be presented at a hearing, or alternatively, whether a review of detailed affidavits and documentary evidence is sufficient."). While well-pleaded factual allegations, except those related to damages, are accepted as true, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (noting that, factual allegations, "except those related to the amount of damages," are accepted as true). In reviewing a motion for default judgment, the Court must undertake an in-depth analysis to make sure that default judgment is properly entered. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment).

## III.    ANALYSIS

With these standards in mind, the Court notes three main deficiencies in Plaintiff's motion for default judgment: (1) Plaintiff has failed to explain how service was achieved; (2) Plaintiff has failed to address the relevant factors regarding an entry of default; and (3) Plaintiff has failed to

justify an award of attorney fees and interest.[2] *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that a party is required to provide the particular grounds for seeking an order); *J & J Sports Prods., Inc. v. Ruiz*, No. 1:10-CV-02266-AWI, 2011 WL 3555799, at *2 (E.D. Cal. Aug. 11, 2011) (denying motion for default judgment for failing to properly state grounds on which motion was sought and for seeking damages not pled in the complaint).

### A. Service

Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

Here, the Court is most concerned with service on Defendant, as Plaintiff's motion for default judgment fails to explain how Defendant was properly served. The proof of service filed along with Plaintiff's request for a clerk's entry of default states that service was made on Defendant by leaving the complaint and summons on "Production Supervisor, Lynn Schwartz." (ECF No. 5-1). While Plaintiff references the entry of default in the motion for default judgment, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

The Federal Rules of Civil Procedure provide numerous ways to achieve service. One means to serve a business entity, like Defendant, is Federal Rule of Civil Procedure 4(h)(1)(B), which provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" by a plaintiff "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-- if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each

---

[2] These findings and recommendations do not purport to identify all deficiencies in the motion for default judgment.

to the defendant." Here, there is nothing to suggest that Production Supervisor Lynn Schwartz is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" under Rule 4(h)(1)(B).

However, the Ninth Circuit has concluded that service is not strictly limited to such categories of persons but that "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists*, *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted). Determining whether a person fits this description requires "a factual analysis of that person's authority within the organization." *Id.* (internal citation omitted). But Plaintiff has failed to provide facts showing that Production Supervisor Lynn Schwartz meets the requirements of the Rule. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *2 (N.D. Cal. Nov. 24, 2009) (concluding that service of subpoenas on administrative assistant was not proper under Rule 4(h)(1)(B) where "there [was] no evidence that [she] [was] a person with sufficient authority to accept personal service" on behalf of a gaming agency).

Additionally, the Court notes that Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(h)(1)(A). The Court notes that the proof of service states that service was made at an address in Wisconsin. However, the motion for default judgment contains no explanation of how service was properly achieved under any state law. Absent any developed argument as to the sufficiency of service, the Court is unable to recommend entering a default judgment.

### B. *Eitel* Factors

The Ninth Circuit has noted the following factors—*i.e.*, the *Eitel* factors—that a court may consider in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

4

whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

Plaintiff's motion for default judgment addresses none of these factors, which prevents the Court from undertaking the review required of it.[3] For example, Plaintiff does not explain how each of its claims in the complaint are legally sufficient. Moreover, the Court finds it notable that the motion for default judgment seeks to recover on all of Plaintiff's claims (breach of contract, open book account, and account stated) because there is authority suggesting that it may be improper to allow Plaintiff to recover on all such claims. *See Eloquence Corp. v. Home Consignment Ctr.*, 49 Cal. App. 5th 655, 665 (2020) (noting general rule that, where there is an express contract, an open book account claim has no merit); *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1396 n.9 (2004) ("Under California law, however, moneys due under an express contract cannot be recovered in an action on an 'open book account' in the absence of a contrary agreement between the parties."); *Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 477, (1945) ("The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated."). Absent any developed discussion of the relevant *Eitel* factors, the Court is unable to recommend entering a default judgment.

### C. Attorney Fees and Interest

"To recover attorneys' fees and costs on default judgment, the plaintiff must 'specify the judgment and the statute, rule, or other grounds [so] entitling' [the plaintiff]." *In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (initial alteration in original) (quoting Fed. R. Civ. P. 54(d)(2)(B)(ii)). Generally, each party pays its own attorney fees unless a contract or statute provides otherwise. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (discussing the "American Rule," where each party pays its own attorney fees despite the outcome, unless there is a statute or contract providing otherwise). The motion for default judgment seeks attorney fees of $9,825 based on an hourly rate of $375 and 26.2 hours expended on the case but provides

---

[3] The Court notes that the motion for default judgment touches on some of these factors, *e.g.*, it lists the damages sought. However, Plaintiff offers no developed argument as to the factors.

5

no developed argument for why they should be awarded or explanation for how the fee request is reasonable.[4] *See Price Simms Holdings, LLC v. Candle3*, LLC, No. 2:18-CV-1851-WBS-KJN, 2021 WL 1884995, at *1 (E.D. Cal. May 11, 2021) (discussing how reasonable attorney fees are calculated).

"Prejudgment interest is a measure that serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (internal quotation marks and citation omitted). Plaintiff's complaint asks "[f]or prejudgment interest in the amount of 18% per annum." (ECF No. 1, p. 4). The motion for default judgment states that "[t]he contractual interest accrues at the rate of 1.5% per month or 18% per annum for a daily rate of $76[.]675 for a total of accrued interest of $7,744.18." Presumably, the amounts calculated are provided under the terms of the parties' contract, but Plaintiff offers no developed explanation on this point.[5] While the attached declaration of Plaintiff's counsel purports to provide a "spreadsheet" as to how the calculations were made, the attachment does not explain the basis for the rate used, the dates used for the calculations, or specifics as to how any amount was calculated. (ECF No. 14-1, p. 1). *See Quantum Cap. Funding Corp. v. PDI Grp., Inc.*, No. 2:18-CV-03279-WBS-KJN PS, 2022 WL 2974693, at *9 (E.D. Cal. July 27, 2022) (generally addressing legal standards governing prejudgment interest); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Absent any developed argument as to the request for attorney fees or prejudgment interest, the Court is unable to recommend awarding either.

## IV. ORDER AND RECOMMENDATIONS

Based on the foregoing, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case. And IT IS RECOMMENDED that Plaintiff's motion for

---

[4] The Court notes that Plaintiff has provided a copy of the contract purportedly applicable to this case, which states that a successful or prevailing party is "entitled to recover reasonable attorneys' fees and all costs incurred" in the action." (ECF No. 13-1, pp. 2-3).

[5] The attached contract provides as follows: "In the event of a default, interest shall accrue at the rate of 1.5% on the balance due." (ECF No. 13-1, p. 6).

default judgment (ECF No. 11) be denied, without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2023**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE